■ SAMUEL GELL et al., Respondents, v ST. FINBAR'S ROMAN CATHOLIC CHURCH, Appellant, et al., Defendants.—In an action *inter alia* to enjoin defendant St. Finbar's Roman Catholic Church from keeping its parking lot open except for church functions, the said defendant appeals from (1) an order of the Supreme Court, Kings County, dated November 25, 1975, which granted, to a stated extent, plaintiffs' motion to direct the said defendant to comply with a consent judgment of the same court, entered November 12, 1973, and (2) a further order of the same court, dated January 8, 1976, which, *inter alia,* denied defendant's motion for reargument. Order dated November 25, 1975 modified by deleting from the third decretal paragraph thereof the words "on an hourly basis, if necessary". As so modified, order affirmed, without costs or disbursements. Appeal from so much of the order dated January 8, 1976 as denied the branch of the motion which was for reargument dismissed. (No appeal lies from an order which denies reargument.) Order otherwise affirmed, all without costs or disbursements. Special Term's order of November 25, 1975 did not constitute a modification of the November 12, 1973 consent judgment, except insofar as it required the defendant church to alert the police department to the conditions complained of *"on an hourly basis, if necessary"* (emphasis supplied). The consent judgment cannot fairly be read to require around-the-clock surveillance. Moreover, the word "policed", as used in the judgment, means controlled, regulated or supervised. It seems clear that the judgment, read as a whole, requires that the defendant maintain its parking lot and surrounding fences in good order; this includes taking proper measures to prevent teenagers and other young people from abusing their apparent privilege of utilizing the parking lot as a playground. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.